IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITMAN KUTU-AKOI, | ) CIVIL DIVISION |
| Plaintiff | ) |
| v. | ) No. |
| PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY, INC., | ) |
| Defendant | ) |

### NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Specialty Insurance Company ("Progressive"), incorrectly identified as "Progressive Commercial Advantage Agency, Inc.," by and through its attorneys, Gordon Rees Scully Mansukhani LLP and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiff Pitman Kutu-Akoi initiated this action by filing a Complaint in the Court of Common Pleas of Delaware County on October 31, 2025. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On November 3, 2025, a Receipt was filed. A true and correct copy of the receipt is attached hereto as Exhibit B.

3. On November 13, 2025, David Friedman entered his appearance. A true and correct copy of the Entry of Appearance is attached hereto as Exhibit C.

4. On November 13, 2025, Defendant filed a Jury Trial Demand. A true and correct copy of the Jury Trial Demand is attached hereto as Exhibit D.

5. On November 13, 2025, a Receipt was filed. A true and correct copy of the receipt is attached hereto as Exhibit E.

6. Upon information and belief, the documents attached hereto as Exhibits A through E constitute all of the pleadings, process, and orders which were filed in connection with the state court action.

7. Plaintiff is an adult individual residing in Sharon Hall, Pennsylvania.

8. Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

9. "Progressive Commercial Advantage Agency, Inc." is not a legal or corporate entity capable of being sued.

10. Progressive Specialty Insurance Company issued the policy at issue in this matter.

11. Progressive Specialty Insurance Company is not incorporated in Pennsylvania, nor does Progressive Specialty Insurance Company have its principal place of business in Pennsylvania.

12. Rather, Progressive Specialty Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 300 North Commons Boulevard, Mayfield Village, Ohio 44143.

13. Both at the time Plaintiff initiated this action and at the time of this removal, Progressive Specialty Insurance Company was and is a citizen of Ohio.

14. Plaintiff alleges that he is entitled to $100,000 in uninsured motorist benefits, stacked by three vehicles, for a total of $300,000 in uninsured motorist benefits, pursuant to an automobile insurance policy issued by Progressive.

15.     Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, and seeks punitive damages, interest, and attorney's fees.

16.     The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

17.     In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

18.     Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

19.     Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. See Karlowicz v. Am. States Ins. Co., 2020 WL 6165303 (M.D. Pa. Sept. 18, 2020); Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

20.     As Plaintiff alleges that he is entitled to uninsured motorist benefits pursuant to an insurance policy that provides $100,000 in uninsured motorist benefits, stacked by three vehicles, for a total of $300,000, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

21.     Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, the United States District

Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this matter. See 28 U.S.C. § 1332.

22.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

23.     Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action for which the district courts have original jurisdiction.

WHEREFORE, Defendant removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By: /s/ Daniel J. Twilla
Daniel J. Twilla (PA I.D. 93797)
E-mail: dtwilla@grsm.com
Kylee M. Clark (PA I.D. 329662)
E-mail: kclark@grsm.com
Gordon Rees Scully Mansukhani
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412) 625-2694 – Direct
*Attorneys for Defendant*